UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LOGAN S. EDWARDS, Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-670 |
| | ) | |
| THIESING VENEER COMPANY INC., Defendant | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. STATEMENT OF THE CASE

1. Plaintiff, Logan S. Edwards (hereinafter "Edwards"), brings his Complaint against Defendant, Thiesing Veneer Company Inc. (hereinafter "Thiesing"), for its violations of Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, and the ADA Amendments Act of 2008 ("ADAAA"). Edwards contends he was subjected to discrimination based on his disability, and that Thiesing refused to make a reasonable accommodation for his disability and retaliated against him by terminating him on the basis of his disability and for contacting the Equal Employment Opportunity Commission.

### II. PARTIES

2. Edwards resides within the geographical boundaries of the Southern District of Indiana.

3. Thiesing is an Indiana-based corporation manufacturing face veneer products, and is located within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Edwards is an "employee" within the meaning of 42 U.S.C. § 12111(4).

5. Thiesing is an "employer" within the meaning of 42 U.S.C. § 12111(5).

1

6. Edwards satisfied his obligation to exhaust his administrative remedies by having timely filed U.S. Equal Employment Opportunity Commission Charge Number 470-2021-02093 against Thiesing alleging discrimination and retaliation in violation of the ADA and ADAAA, as amended, because of his disability, having lost three fingers on his right hand while using one of Thiesing's machines, as well as his contacting the Equal Employment Opportunity Commission. Edwards filed his original EEOC Charge, received his Notice of Right to Sue from the EEOC on March 7, 2022, and hereby timely files this lawsuit.

7. Jurisdiction is conferred on this Court by the ADA and ADAAA; 42 U.S.C. § 12117, and 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all events, transactions and occurrences concerning this matter have arisen in the geographical purview of the Southern District of Indiana.

## IV.   FACTUAL ALLEGATIONS

9. Edwards began working for Thiesing in its clipping department on December 11, 2017.

10. The nature of Edwards' employment with Thiesing required him to work in dangerous environments and with dangerous equipment and machines.

11. On March 30, 2019, Edwards was severely injured while using one of Thiesing's machines and ultimately lost three fingers on his right hand due to his injuries.

12. Following his accident, Edwards received worker's compensation benefits, but did not receive a vacation pay check he was supposed to receive or any FMLA benefits.

13. Thiesing was very unresponsive to Edwards' repeated correspondence throughout his efforts to receive worker's compensation, vacation pay, and FMLA benefits.

14. As a result, Edwards was off work and without worker's compensation and/or disability benefits from July to December of 2020.

15. On December 14, 2020, Edwards returned to work, initially intending to return full-time, at Thiesing after extensive reconstructive surgeries and physical therapy related to his deformed right hand.

16. Edwards and Thiesing later agreed that Edwards would come back to work three days a week, but Thiesing began scheduling him to work only two, and then one, day(s) a week.

17. Thiesing employees treated Edwards poorly when he came back to work; he was cussed at, subjected to many trip hazards while still learning to maneuver around his work environment with his deformed right hand, and had a ball of duct tape through at him on one occasion.

18. Despite Logan reporting these incidents to management and human resources on numerous occasions, Thiesing took no action whatsoever to assist or accommodate him.

19. On February 24, 2021, Edwards reached out to Thiesing and, among other things, expressed that he felt he was being discriminated against and harassed on the basis of his disability and that he had reached out to the EEOC regarding what he was experiencing at Thiesing.

20. On February 25, 2021, Thiesing notified Edwards that his employment was terminated and that he was not permitted to return to Thiesing's property, effective immediately.

21. Thiesing's stated reasons for terminating Edwards' employment were poor work performance and attendance issues.

22. Edwards then filed his original Charge of Discrimination with the EEOC.

23. On March 7, 2022, Edwards received his Notice of Right to Sue from the EEOC.

## V. LEGAL ALLEGATIONS

24. Edwards hereby incorporates paragraphs one (1) through twenty-three (23) as though fully set forth herein.

25. Edwards has a physical condition that is serious enough to substantially limit a major life activity, and has a record of disability.

26. Edwards has been discriminated against because of his disability.

27. Thiesing refused to make a reasonable accommodation for Edwards' disability.

28. Thiesing fired Edwards on the basis of his disability and in retaliation for him opposing Thiesing's discrimination and refusal to make a reasonable accommodation for his disability, as well as contacting the Equal Employment Opportunity Commission.

29. Thiesing's stated reasons for terminating Edwards' employment were pretextual.

30. Thiesing's actions and omissions violated the ADA and ADAAA, 42 U.S.C. § 12101 *et seq*.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff Logan S. Edwards requests that judgment of this Court be held in his favor as follows:

1. Order Thiesing to pay him any and all lost wages and the monetary value of all benefits associated with his employment;

2. Order Thiesing to pay him compensatory damages for the mental anguish and consequential harm he suffered;

3. Order Thiesing to pay his reasonable attorney fees and costs;

4. Order Thiesing to pay interest on all sums recoverable; and

5. Award to Edwards all other relief that is just and proper.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Garrett M. Lewis<br>
Garrett M. Lewis, #33803-71<br>
*Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff Logan S. Edwards, by counsel, hereby demands a trial by jury on all issues deemed so triable.

Respectfully submitted,<br><br>
GOODIN ABERNATHY, LLP<br><br>
/s/ Garrett M. Lewis<br>
Garrett M. Lewis, #33803-71<br>
*Attorney for Plaintiff*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
P: 317/843-2606
F: 317/574-3095
glewis@goodinabernathy.com
03-123